IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| George Dreher, #285006, ) | |
| ) | Civil Action No. 6:06-1298-PMD-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| State of South Carolina; William White, ) | |
| Warden of Broad River Correctional ) | |
| Institution; and Henry McMaster, ) | |
| Attorney General of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined to the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lexington County. At the January 2001 term of the Court of General Sessions, the Lexington County Grand Jury indicted the petitioner for two counts of distribution of crack cocaine (01-GS-32-51 & -52), and two counts of distribution of crack cocaine within proximity of a school (01-GS-32-53 & -54). At the November 2001 term of the Court of General Sessions, the Lexington County Grand Jury

indicted the petitioner for distribution of crack cocaine, third offense (01-GS-32-3319) and for distribution of crack cocaine within proximity of a school (01-GS-32-3320).

The petitioner was represented at the trial level by attorney Frederick I. Hall, III. On May 30, 2002, the petitioner pled guilty before the Honorable James R. Barber, III, to two counts of distribution of crack cocaine (01-GS-32-52 & 3319) and one count of distribution within proximity of a school (01-GS-32-54). The remaining two counts of distribution of crack and one count of distribution within proximity of a school were dismissed. In addition, the petitioner faced five more years imprisonment for violation of parole. There were no negotiations, but by agreement recommended a range of sentencing from 10 to 15 years. Judge Barber sentenced the petitioner to 10 years for distribution of crack (01-GS-32-52); a concurrent sentence of 15 years suspended to 10 years with two years probation and a fine of $10,000 for distribution of crack cocaine within proximity of a school (01-GS-32-52); a concurrent sentence of 10 years and a fine of $100,000 for distribution of crack cocaine, third offense (01-GS-32-3319); and three years, consecutive, for violation of probation. The petitioner did not file a direct appeal from his convictions and sentences.

The petitioner next filed a *pro se* application for post-conviction relief ("PCR") on November 18, 2002 (02-CP-32-4031). In his PCR application, the petitioner raised the following allegations:

(1)     Ineffective assistance of counsel; and

(2)     involuntary guilty plea.

The State filed a return dated May 23, 2003. An evidentiary hearing on the application was held before the Honorable William P. Keesley on November 12, 2003. The petitioner was present and represented by his appointed counsel, Belinda Ellison. In addition to testifying in his own behalf, the petitioner presented the testimony of attorney Sally Henry. The State called trial counsel Hall. On October 8, 2004, Judge Keesley issued a written order in which he rejected the petitioner's claims for relief.

2

A timely notice of appeal was filed with the state supreme court from the order of dismissal in the PCR action. Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On March 21 2005, Clare filed a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, in which she raised the following issue on behalf of the petitioner:

> Was trial counsel ineffective, and were petitioner's guilty pleas invalid, because petitioner did not receive the sentence promised by counsel?

The petitioner filed a *pro se* petition dated April 1, 2005, in which he raised the following grounds:

> (1) Ineffective assistance of counsel.
>
> (A) Counsel failed to timely object to the court imposed sentence which exceeded the duration of sentence of a plea bargain in which the applicant had agreed.
>
> (B) Counsel failed to timely seek leave of court to withdraw applicant's guilty plea on the basis that the court imposed sentence exceeded the duration of sentence of plea bargain to which the applicant had agreed.

The South Carolina Supreme Court issued an order dated April 5, 2006, in which it denied the petition for writ of certiorari and granted the motion to be relieved as counsel. The remittitur was sent down on April 21, 2006.

The petitioner raises the following allegation in his *pro se* petition for writ of habeas corpus:

> **GROUND ONE:** Ineffective assistance of counsel.
> "Trial counsel was ineffective, and petitioner's guilty pleas were invalid, because petitioner did not receive the sentence promised by counsel."
>
> **GROUND TWO:** Due process of law.
> "Due process of law requires that before a guilty plea can be entered voluntarily and intelligently, a defendant must be

3

advised of his privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers . . ."

**GROUND THREE:** Denial of direct appeal.
Defendant counsel was ineffective in failing to file notice of appeal, upon the applicant entering his plea of guilty, he inquired of counsel as to his appeal rights. Counsel failed to inform and instruct the applicant of the procedures for perfected an appeal . . ."

**GROUND FOUR:** Conflict of interest.
". . .There was a conflict of interest that existed with the public defender's office when they have represented both the confidential informant and also the defendant both in this case . . ."

On June 23, 2006, the respondents filed a motion for summary judgment. By order filed June 26, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on July 10, 2006.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## ANALYSIS

Grounds two and four were not presented to the state court. If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has failed to make such a showing with regard to these claims. Accordingly, these claims are procedurally barred from review.

The petitioner's claims also fail on the merits. In ground one, the petitioner alleges that he received ineffective assistance of counsel because he did not receive the sentence promised by counsel. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have

5

pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the plea hearing, the court noted his policy of running a probation violation sentence consecutive to other sentences. A break was taken in the proceedings for counsel to explain to the petitioner the ramifications of the court's policy. After the meeting, counsel indicated to the court that the petitioner understood the sentence for violation of probation might not run concurrent to his other sentences (App. 3-4). The plea court explained to the petitioner that he could be sentenced up to 30 years for each distribution of crack charge and 10 to 15 years for the distribution of crack within proximity of a school charge. The court further explained that the plea constituted a violation of parole for which he could face five years. The petitioner indicated he understood the crimes and the possible sentences (App. 6-9). The solicitor and trial counsel informed the court that they had agreed to a sentencing recommendation of 10 to 15 years on the drug charges. They did not agree as to the probation violation (App. 9-11). During the plea, the petitioner's attorney stated that he understood that the court normally did not run the probation violation sentences concurrent to the sentences on the main charges, but he asked the court to consider the petitioner's age and to do so in this case (App. 23). The court sentenced the petitioner to 10 years for distribution of crack; a concurrent sentence of 15 years suspended to 10 years with two years probation and a $10,000 fine for distribution of crack cocaine within proximity of a school; a concurrent sentence of 10 years and a $100,000 fine for distribution of crack cocaine, third offense; and three years, consecutive, for violation of probation (App. 26-27).

The petitioner testified that he pleaded guilty because he thought he would get a seven or eight year sentence (App. 67). The petitioner's counsel testified at the PCR hearing that he entered into plea negotiations with the solicitor and eventually was able to persuade the solicitor to agree to a sentencing range of 10 to 15 years. Counsel further

indicated the petitioner was informed of the agreement and "ultimately concluded that 10 years was better than 75" (App. 83-84). Counsel reiterated during his testimony at the PCR hearing that he explained to the petitioner that the court would most likely not run the probation revocation concurrent to his other sentences (App. 87). The PCR court found that the possibility of receiving a consecutive sentence to the revoked probationary sentence was fully explained to the petitioner and he elected to plead guilty with a full understanding of that consequence (App. 113-14). Based upon the foregoing, this court finds that the state court's adjudication is not contrary to Supreme Court precedent, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In ground two, the petitioner alleges that his due process rights were violated because he was not advised of the constitutional rights he was foregoing by pleading guilty. However, the record before the court shows that the judge informed the petitioner he was foregoing his right to a jury trial and advised him of his right to present defenses, his right to testify, his right to confront witnesses, and his right to remain silent. The petitioner indicated his understanding (App. 12-14). At the PCR hearing, counsel indicated that he discussed with the petitioner his constitutional rights (App. 85). This issue is without merit.

In ground three, the petitioner asserts that his counsel failed to inform him of the procedures for appeal. During the plea, the court informed the petitioner that he had 10 days to appeal his sentences, and the petitioner indicated he understood (App. 17). The petitioner did not present this issue at the PCR hearing, but he did present it to the state supreme court in his *pro se* petition for writ of certiorari. The United States Supreme Court has held:

> We . . . hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

7

> demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000) (citations omitted).

In *Frazer v. South Carolina*, 430 F.3d 696, 707(4th Cir. 2005), the Fourth Circuit Court of Appeals noted that under *Flores-Ortega* a court must conduct a three-step inquiry when faced with a claim that counsel rendered ineffective assistance in failing to consult with the defendant regarding an appeal. The threshold consideration is whether the petitioner "independently decided whether to appeal and communicated that decision to counsel." The petitioner has presented no evidence that he specifically requested an appeal. Therefore, counsel must consult with the defendant, unless the circumstances demonstrate that consultation is unnecessary. *Id.* at 707-708 (citing *Flores-Ortega*, 528 U.S. at 478-79). If counsel fails to consult, the defendant "may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his interest in appealing." *Id.* at 708 (citing *Flores-Ortega*, 528 U.S. at 480).

In this case, there is no competent evidence that the petitioner desired to consult with counsel about filing a direct appeal. Assuming that counsel failed to consult with the petitioner, the petitioner cannot demonstrate any prejudice from counsel's failure

8

to perfect an appeal because he cannot show either that there were non-frivolous issues for appeal or that he had adequately indicated his interest in appealing. Considering the potential sentences that petitioner could have faced at trial and the evidence against him, the petitioner received a highly favorable sentence. Based upon the foregoing, this claim is without merit.

In ground four, the petitioner claims that a conflict of interest existed with the public defender's office when they represented both a confidential informant and the petitioner. Attorney Sally Henry testified at the PCR hearing that she initially represented the petitioner through her position as a public defender. It was brought to her attention that a potential material witness against the petitioner was also represented by the public defender's office. She moved to be relieved, and Mr. Hall, the petitioner's plea counsel, was subsequently appointed (App. 61-62). Mr. Hall was appointed approximately three months before the guilty plea (App. 80). In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980). At the time of the plea, there was no conflict, actual or perceived. Accordingly, this claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

                                          s/William M. Catoe
                                          United States Magistrate Judge

December 11, 2006

Greenville, South Carolina