**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

George Dreher, #285006,                )
                                       )
                    Petitioner,        )
                                       )
v.                                     )        C.A. No.: 6:06-1298-PMD-WMC
                                       )
State of South Carolina; William White; )
Warden of Broad River Correctional     )        **ORDER**
Institute; and Henry McMaster, Attorney )
General of South Carolina,             )
                                       )
                    Respondents.       )
_____)

     Petitioner George Dreher ("Petitioner" or "Dreher"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254. This matter has been reviewed by United States Magistrate Judge William M. Catoe and is currently before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner Dreher has filed timely objections to the R&R.

**HISTORY OF THE CASE**

     Petitioner is currently confined to the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lexington County. At the January 2001 term of Court of General Sessions, the Lexington County Grand Jury indicted Petitioner for two counts of distribution of crack cocaine, and two counts of

1

distribution of crack cocaine within proximity of a school.  At the November 2001 term of the Court of General Sessions, the Lexington County Grand Jury indicted Petitioner for distribution of crack cocaine, third offense, and for distribution of crack cocaine within proximity of a school.

At the trial level, Petitioner was represented by attorney Frederick I. Hall, III.  On May 30, 2002, Petitioner pleaded guilty before the Honorable James R. Barber, III, on two counts of distribution of crack cocaine and one count of distribution within proximity of a school.  The remaining two counts of distribution of crack and one count of distribution within proximity of a school were dismissed.  In addition, Petitioner faced five more years imprisonment for violation of parole.  There were no negotiations, but by agreement the state recommended a range of sentencing from 10 to 15 years for the drug crimes.  No agreement was reached regarding the probation violation.  Judge Barber sentenced Petitioner to 10 years for distribution of crack; a concurrent sentence of 15 years suspended to 10 years with two years probation and a fine of $10,000 for distribution of crack cocaine within proximity of a school; and concurrent sentence of 10 years and a fine of $100,000 for distribution of crack cocaine, third offense; and three years, consecutive, for violation of probation.  Petitioner did not file a direct appeal from his convictions and sentences.

Petitioner filed a pro se application for post-conviction relief ("PCR") on November 18, 2002 (02-CP-32-4031).  In his PCR application, Petitioner raised the following grounds for relief: (1) ineffective assistance of trial counsel and (2) involuntary guilty plea.  On October 8, 2004, following an evidentiary hearing in which Petitioner was represented by competent counsel, the Judge issued a written order in which he rejected Petitioner's claims for relief.

Petitioner filed a timely notice of appeal with the state supreme court from the order of dismissal in the PCR action.  Aileen P. Clare of the South Carolina Office of Appellate Defense

2

represented Petitioner in his PCR appeal. On March 21, 2005, Clare filed a "no merit" Johnson petition for writ of certiorari and petition to be relieved as counsel, in which she raised the following issue on behalf of Petitioner: 'Was trial counsel ineffective, and were petitioner's guilty pleas invalid, because petitioner did not receive the sentence promised by counsel?' Petitioner filed a pro se petition dated April 1, 2005, in which he raised the following grounds for relief:

**(1) Ineffective assistance of counsel**.
    (A)    Counsel failed to timely object to the court imposed sentence which exceeded the duration of sentence of a plea bargain in which the applicant had agreed.
    (B)    Counsel failed to timely seek leave of court to withdraw applicant's guilty plea on the basis that the court imposed sentence exceeded the duration of sentence of plea bargain to which the applicant had agreed.

The South Carolina Supreme Court issued an order dated April 5, 2006, in which it denied the petition for writ of certiorari and granted the motion to be relieved as counsel. The remittitur was sent down on April 21, 2006.

Petitioner now raises the following allegations in his *pro se* petition for writ of habeas corpus:

    **GROUND ONE**: Ineffective assistance of counsel. "Trial counsel was ineffective, and petitioner's guilty pleas were invalid, because petitioner did not receive the sentence promised by counsel."
    **GROUND TWO**: Due process of law. "Due process of law requires that before a guilty plea can be entered voluntarily and intelligently, a defendant must be advised of his privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers..."
    **GROUND THREE**: Denial of direct appeal. "Defendant counsel was ineffective in failing to file notice of appeal, upon the applicant entering his plea of guilty, he inquired of counsel as to his appeal rights. Counsel failed to inform and instruct the applicant of the procedures for perfected an appeal..."
    **GROUND FOUR**: Conflict of interest. "...There was a conflict of interest that existed with the public defender's office when they have represented both the confidential informant and also the defendant both in this case..."

On June 23, 2006, Respondents filed a motion for summary judgment. The Magistrate Judge

3

issued an R&R on December 11, 2006, recommending that this court grant Respondents' motion for summary judgment.

## STANDARD OF REVIEW

### A.     Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### B.     Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Courts have held *de novo* review to be unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations. *See, e.g.*, *United States v. Mertz*, 376 U.S. 192 (1964); *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)*; Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980).

After a review of the entire record, the R&R, and Petitioner's objections, the court finds that

4

the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

### A.     Habeas Standard of Review

With respect to those claims adjudicated on the merits, habeas relief is warranted only if Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). "An 'unreasonable application' of federal law is different from an incorrect application of federal law." *Id.*

5

B.    **Magistrate Judge's R&R**

In the R&R, the Magistrate Judge concluded that the court should deny grounds one and three of Petitioner's § 2254 petition on the merits and that the court is procedurally barred from considering grounds two and four because they were not raised before the state court. (R & R at 5.)

## I.    Ground One: Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel because he did not receive the sentence his attorney had promised. Petitioner claims that he only agreed to plead guilty after his counsel told him that he would receive a sentence on the indicted charge not to exceed eight years. He asserts that he would not have pleaded guilty but would have insisted on proceeding to trial if he had known that he would receive a sentence of 13 years.

Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

The Magistrate Judge found that the state court's determination that Petitioner's counsel's performance was not deficient or prejudicial was reasonable and not contrary to Supreme Court

precedent.  As more thoroughly discussed in the R&R (which has been incorporated into this order),

prior to Petitioner's pleading guilty, the court explained his policy of running a probation violation

sentence consecutive to other sentences.   A break was taken in the proceedings for counsel to

explain to Petitioner the import of the court's policy.  After the recess, counsel stated that Petitioner

"does understand that he is running a risk that you are not going to run [the sentences] concurrent."

(Tr. at 4.)  The court then explained to Petitioner that he could be sentenced up to 30 years for each

distribution of crack cocaine and 10 to 15 years for the distribution of crack within proximity of a

school charge.  The court further explained that the plea constituted a violation of parole for which

he could face five years.  Petitioner indicated that he understood the crimes and the possible

sentences.  The solicitor and trial counsel informed the court that they had agreed to a sentencing

recommendation of 10 to 15 years on the drug charges and that no agreement had been reached

regarding the sentence for the probation violation.  Petitioner's counsel asked the court to consider

Petitioner's age and to run the probation violation sentence concurrently with the main sentence.

Thereafter, the court sentenced Petitioner to 13 years and 2 years of probation.

At the PCR hearing, Petitioner testified his counsel had told him that he would receive a

sentence of 7 or 8 years if he pleaded guilty.  (App. 67.)  In response, Petitioner's counsel testified

that he had entered into plea negotiations with the solicitor and eventually was able to persuade the

solicitor to agree to a sentencing range of 10 to 15 years.  (App. 87)  Counsel further testified that

Petitioner was informed of the agreement, and understood that the court would most likely not run

the probation revocation concurrent with his other sentences.  Considering this testimony and the

evidence before the court, the PCR court found that the possibility of receiving a consecutive

sentence to the revoked probationary sentence was fully explained to Petitioner and he elected to

7

plead guilty with a full understanding of that consequence. (App. 113-14.)

Based on the foregoing, the Magistrate Judge found that the state court's determination that counsel was not ineffective was neither contrary to Supreme Court precedent, nor did it involve unreasonable determination of the facts in light of the evidence presented.

## II.    Ground Three: Denial of Direct Appeal

Petitioner asserts that his counsel was ineffective because he failed to inform Petitioner of the procedures for appeal. As discussed above, a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Under the *Strickland* test, Petitioner's right to appeal was only violated if his counsel's failure to advise him of appellate procedures was unreasonable. *Strickland*, 466 U.S. at 687. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The Court emphasized that it "employ[ed] the term 'consult' to convey a specific meaning -- advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "When the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* at 480. Assuming that the defendant is able to show that counsel had a duty to consult and did not consult, the second part of the *Strickland* test requires the defendant to show prejudice from

8

counsel's deficient performance.  In this context, prejudice requires demonstrating a reasonable probability that, but for counsel's deficient performance, the defendant would have appealed.  *See id.* at 482-84.

Applying these principles to the case at hand, the Magistrate Judge concluded that Petitioner could not establish that his counsel was ineffective for failing to consult with him about his right to appeal.  Petitioner presented no evidence that he specifically requested an appeal, and there was no competent evidence that Petitioner desired to consult with counsel about filing a direct appeal.[1] Assuming that counsel erred in failing to consult with Petitioner, Petitioner cannot demonstrate any prejudice from counsel's failure to perfect an appeal as he asserts no non-frivolous issues for appeal. Indeed, considering the potential sentences Petitioner could have faced at trial and the evidence against him, Petitioner received a highly favorable sentence.  As such, the Magistrate Judge concluded that this ground for relief was without merit.

### III.    Grounds Two and Four

Grounds Two and Four of Petitioner's § 2254 petition were not presented to the state court. If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts.  In such a case, a federal district court is barred from

---

[1] Moreover, in *Roe*, the Court noted that when a defendant receives clear information about his appellate rights from a source other than his counsel, that information can "substitute for counsel's duty to consult," and counsel may reasonably "decide that he need not repeat" the information.  *See, e.g.*, *Roe*, 528 U.S. at 479-80.  At his plea hearing, the court informed Petitioner that he had 10 days to appeal his sentences, and Petitioner indicated that he understood.  (App. at 17.)  Considering the explicitness with which the court explained Petitioner's rights, and Petitioner's affirmation that he understood them, it was reasonable for counsel to conclude that he need not re-advise Petitioner of his appellate rights.

considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997). Petitioner has failed to make such a showing with regard to these claims; therefore, the Magistrate Judge recommended that these claims are procedurally barred from review.

C.     **Petitioner's Objections**

Pursuant to 28 U.S.C. § 636, a party may object within ten days after being served with a copy of the R&R. Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections.

In the present case, Petitioner's objections merely rehash arguments previously made and rejected, and nowhere does Petitioner specifically object to any portion(s) of the R&R. Petitioner makes no objection to the Magistrate Judge's finding that Petitioner did not raise Grounds Two and Four in state court and is therefore procedurally barred from raising these claims. Further, Petitioner does not object to the Magistrate Judge's finding that Petitioner did not request an appeal or identify a non-frivolous issue for appeal. On the whole, therefore, Petitioner's objections are without merit and warrant no further consideration by the court. *See, e.g., Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.").

## CONCLUSION

It is therefore, **ORDERED**, adopting in full the recommendation of the Magistrate Judge, that Respondents' motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 2, 2007**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.